# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBORAH ROGERS THIBODEAUX** | * | **CIVIL NO. 08-1028** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by defendant, Prudential Insurance Company of America ("Prudential"). [rec. doc. 6]. For those reasons set out below, it is recommended that the Motion to Dismiss be **DENIED**.

## BACKGROUND

The instant case was removed from state court on grounds that plaintiff's claim is governed under the Employees' Retirement Income Security Act, 29 U.S.C. § 1001, *et seq* and hence, that this court has federal question jurisdiction. [rec. doc. 1].

By this Motion, Prudential seeks to have this ERISA case dismissed without prejudice for plaintiff's failure to exhaust administrative remedies, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. In support, Prudential argues that plaintiff's failure to exhaust her administrative remedies under its ERISA-regulated plan prior to filing the instant lawsuit deprives this court of subject matter jurisdiction. Thus, Prudential asserts that the ERISA exhaustion doctrine is a jurisdictional bar to suit.

The Fifth Circuit has recently held that the ERISA exhaustion doctrine is not jurisdictional, but rather constitutes an affirmative defense. *Crowell v. Shell Oil, Co.*, 541 F.3d 295, 308-309 (5th Cir. 2008). In so holding, the court expressly stated "we have never construed the [ERISA exhaustion] doctrine strictly as a jurisdictional bar"and have referred to it as a "defense." *Id*. Moreover, the court agreed with decisions of both the Third and Second Circuits which have expressly held that ERISA exhaustion is not jurisdictional, but rather is an affirmative defense which places no limits on a federal court's subject matter jurisdiction. *Id.* at 309 and fn. 58 *citing Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279-80 (3d Cir.2007) (observing that "Congress has expressly provided for jurisdiction over ERISA cases in 29 U.S.C. § 1132(e). Neither that provision nor any other part of ERISA contains an exhaustion requirement. Thus, as a judicially-crafted doctrine, exhaustion places no limits on a court's adjudicatory power" and holding that "ERISA's exhaustion doctrine places no limits on a federal court's subject matter jurisdiction") and *Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 445-46 (2d Cir.2006) (finding that ERISA's exhaustion requirement is "purely a judge-made concept that developed in the absence of statutory language demonstrating that Congress intended to make ERISA administrative exhaustion a jurisdictional requirement" and concluding that ERISA exhaustion is an affirmative defense).

In light of the above, it is clear that Prudential's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is not well founded. The proper procedural vehicle for assertion of the affirmative defense of lack of ERISA administrative exhaustion is by way of

properly supported motion for summary judgment.[1]

## CONCLUSION

Based on the foregoing, it is recommended that the motion to dismiss filed by defendant, Prudential, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction be **DENIED**.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 30th day of October, 2008, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the undersigned is somewhat perplexed at the apparently contradictory positions on jurisdiction taken by the defendant herein: the defendant on the one hand removes on the basis of federal subject matter jurisdiction and on the other hand moves for dismissal (after removal) for lack of subject matter jurisdiction?